# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LEONARD W. GIDDENS, JR.,           )
                                   )
              Plaintiff,           )
                                   )
        v.                         )          1:11CV375
                                   )
JOHN CAMPBELL, DIVISION OF         )
COMMUNITY CORRECTIONS, et al.,     )
                                   )
              Defendant(s).        )
```

## MEMORANDUM OPINION, ORDER, AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint alleging claims of racial discrimination and unjust punishment under 42 U.S.C. § 1983, against Plaintiff's parole officer, Defendant John Campbell, and Defendant Campbell's unnamed supervisor (Docket Entry 2 at 1-4). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure

the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the

frivolity of a claim." <u>Nagy</u>, 376 F.3d at 256-57 (some internal quotation marks omitted). Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> standard in dismissing pro se complaint). <u>Accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 129 S. Ct. at 1950, respectively)), <u>cert. denied</u>, 130 S. Ct. 2064 (2010).

-3-

<u>PLAINTIFF'S COMPLAINT</u>

The Complaint sets forth the following factual allegations regarding Plaintiff's interaction with Defendant Campbell and Defendant Campbell's unnamed supervisor:

1) in 2003, Plaintiff was convicted of aggravated assault in Georgia, "was paroled after five years and was sent back to N.C. under an agreement . . . [where he] was assigned to [Defendant] Campbell in 2008" (Docket Entry 2 at 1-2);[2]

2) "[i]n the spring of 2009, Plaintiff found a job relocating cars . . . [and] asked [Defendant] Campbell if it was ok for Plaintiff to take the job . . . [but] [t]he following day that request was denied . . . [by Defendant Campbell's supervisor] because of what happened" (<u>id.</u>);[3]

3) "[o]n May 2nd 2011 Plaintiff asked [Defendant] Campbell for a permit to attend A [sic] family reunion in Arlington Va." and the next day Defendant Campbell informed Plaintiff that his request was denied (<u>id.</u>); and

4) "Plaintiff asked [Defendant] Campbell to send that response to [Plaintiff's] email with the name of the person that made that

---

[2] According to the Complaint, Plaintiff is a "68 year old Black man" (Docket Entry 1 at 4) and the man whom he was convicted of assaulting "was a white man 25 years Plaintiff's Jr." (<u>id.</u> at 3). The Complaint implies that Defendant Campbell and his unnamed supervisor are "white." (<u>See id.</u> (making assertions about "actions and state of mind . . . [of] white parole officers").)

[3] The Complaint does not provide sufficient context to allow a determination about the meaning of the reference to "what happened" (<u>see</u> Docket Entry 1 at 1-2), although one might infer that such a comment might refer to the conduct underlying Plaintiff's conviction for aggravated assault.

decision, [but Defendant Campbell] did not send that information"
(id. at 2-3).

In addition, the Complaint sets forth the following
information about Plaintiff (although it does not allege that
Defendant Campbell or his unnamed supervisor had knowledge of said
facts):

1) "[P]laintiff has been in every state in this country and
parts of Canada with near four million mile [sic] driven since
1959" (id. at 4);

2) "Plaintiff has had to deal with people of all walks of life
in just about any situation one can imagine without arrest while
covering this land as a Truck Driver" (id.); and

3) "Plaintiff has raised four wonderful now adult children
that are great citizens, all have good jobs never has been [sic] in
any real trouble" (id.).

Finally, the Complaint makes the following assertions:

1) "the Coroner Medical examiner, the officers involved, and
[Plaintiff's] court appointed lawyer conspired to get [Plaintiff's
aggravated assault] conviction" (id. at 1);

2) the fact that the person Plaintiff was convicted of
assaulting "was a white man 25 years Plaintiff's Jr. . . . was the
reason the law enforcement, the Coroner, Medical Examiner, and
Prosecutor went beyond the law to get a Conviction where there
wasn't any . . . [and] [t]hese actions and state of mind continues

[sic] with the white parole officers" (id. at 3 (abbreviation and errant capitalization in original); see also id. at 4 (assailing "these two Corrupt groups of white people [i.e., government officials involved in his conviction and parole officers in North Carolina], that in [P]laintiff's case is [sic] not interested in Justice, just retaliation and revenge" (errant capitalization in original)));

3) "[w]ith no valid reason to deny [Plaintiff's travel request] . . . [r]acism and retaliation can be the only motive left" (id. at 3); and

4) "[f]or anyone to labor [sic] [P]laintiff unfit to travel to a family reunion is a bigot and a racist [sic] given the circumstances of this case" (id. at 4).

## DISCUSSION

Based on the foregoing allegations, Plaintiff seeks to bring an action under Section 1983 against Defendant Campbell and his unnamed supervisor for "racial discrimination and unjust punishment." (Id. at 1.) "To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). Plaintiff's Complaint lacks sufficient factual allegations to state any such claim.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits racial discrimination by state actors (such as Defendants). See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 388 (4th Cir. 2009) ("An equal protection violation occurs in one of two ways: (1) when the government explicitly classifies people based on race, or (2) when a law is facially neutral, but its administration or enforcement disproportionately affects one class of persons over another and a discriminatory intent or animus is shown."). However, the allegations that Plaintiff falls into a different racial group from Defendants and that Defendants rendered decisions contrary to Plaintiff's preferences fail to state a claim for racial discrimination because the "[l]aw does not blindly ascribe to race all personal conflicts between individuals of different races." Hawkins v. Pepsico, Inc., 203 F.3d 274, 282 (4th Cir. 2000).

Instead, "[t]o succeed on an equal protection claim, [Plaintiff] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); accord Equity in Athletics, Inc. v. Department of Educ., 639 F.3d 91, 108 (4th Cir. 2011) ("In order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated

differently from others who were similarly situated and that the
unequal treatment was the result of discriminatory animus.").
Plaintiff's Complaint does not allege (much less provide factual
matter regarding) any such differential treatment by Defendants.
Moreover, Plaintiff may not rely on mere conclusory assertions that
any differential treatment resulted from racial bias. See Iqbal,
129 S. Ct. at 1949. Plaintiff's racial discrimination claim thus
fails as a matter of law.

The Complaint does not make clear what federal constitutional
provision or law Defendants' allegedly violated by subjecting him
to "unjust punishment" in the form of denial of permission to take
a job "relocating cars" and to travel to Virginia for a family
reunion. (See Docket Entry 1 at 1-4.) Some courts, however, have
used the term "unjust punishment" in describing the protections of
the Eighth Amendment to the United States Constitution. See, e.g.,
Jones v. City & Cnty. of San Francisco, 976 F. Supp. 896, 905 (N.D.
Cal. 1997) ("[T]he Eighth Amendment protects convicted prisoners
from cruel and unjust punishment . . . .").

To the extent the Complaint asserts a claim under the Eighth
Amendment, said claim cannot succeed because:

> [A] convicted felon, even after he has been released from
> prison on parole, may have substantial restrictions
> placed upon [him] . . . [as reflected by decisions]
> illustrating the extent to which a parolee's liberty may
> be curtailed, . . . [such as] Hyser v. Reed, 318 F.2d
> 225, 239 [(D.C. Cir. 1963)] (Burger, J.), [where the
> court] said: "The United States cannot constitutionally
> impair a citizen's right to leave the District of

Columbia or frequent pool halls, but it can do so to
Hyser and the other appellants (parolees), whose freedoms
have been substantially abridged in accord with the
requirements of due process."

Paka v. Manson, 387 F. Supp. 111, 122 (D. Conn. 1974) (internal

parallel citation and citation to denial of certiorari omitted).

Moreover, if Plaintiff objects to conditions of his parole which

require a parole officer to approve his employment and his travel

outside North Carolina, he must file a petition under 28 U.S.C.

§ 2254, not an action under Section 1983.  See Williams v.

Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) ("Requirements that

parolees stay in touch with their parole officer, hold down a job,

steer clear of criminals, or . . . obtain permission for any

proposed travel outside the jurisdiction, are what distinguish

parole from freedom. . . .  [Challenges to such restrictions]

should have been presented in a collateral attack . . . [because

such] restrictions define the perimeters of [a parolee's]

confinement . . . [and] eliminating or changing one of the

restrictions would alter the confinement:  figuratively speaking,

one of the bars would be removed from [the parolee's] cell."

(internal brackets, citations and quotation marks omitted)).

CONCLUSION

The Complaint fails to state a Section 1983 claim for race

discrimination and/or unjust punishment and, indeed, so lacks any

arguable basis in law as to qualify as legally frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed as a pauper (Docket Entry 2) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL**.

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2), but without prejudice to Plaintiff filing a new complaint that sets forth sufficient factual matter to support a viable claim under 42 U.S.C. § 1983, or a petition under 28 U.S.C. § 2254, challenging the conditions of his parole.

                                    /s/ L. Patrick Auld
                                   **L. Patrick Auld**
                           **United States Magistrate Judge**
October 19, 2011